**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JP OIL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRISURA SPECIALTY INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, SUMMIT SPECIALTY INSURANCE COMPANY, PALMS INSURANCE COMPANY LIMITED, LANCASHIRE INSURANCE COMPANY (UK) LIMITED, GOTHAM INSURANCE COMPANY, and INDIAN HARBOR INSURANCE COMPANY,<br><br>Defendants. | ) | CIVIL ACTION NO. 3:26-cv-00959 |

**UNOPPOSED MOTION TO STAY LITIGATION PENDING ARBITRATION**

COME NOW the Defendants, by and through the undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and file this Motion to Stay Litigation Pending Arbitration. In support of this Motion, Defendants would show the following:

1. Plaintiff JP Oil Holdings, LLC ("JP Oil") is the named insured under a combined commercial property insurance policy (the "Policy") for the policy period of March 10, 2023 to March 9, 2024. The Defendants are insurers who issued, subscribed to, or participated in the Policy.

2. Plaintiff filed this lawsuit in the Circuit Court for Sumner County, Tennessee, on June 4, 2026, alleging claims for declaratory judgment and breach of an insurance contract arising from a tornado and wind event that occurred on December 9, 2023, which allegedly caused damage

to Plaintiff's insured property located at 250 E. Main Street, Hendersonville, Tennessee. Defendants removed the action to this Court based on diversity jurisdiction.

3. The Policy contains a mandatory arbitration clause that governs disputes between the parties. Specifically, Section VII, Condition C of the Policy provides, in relevant part: "All matters in difference between the Insured and the Companies (hereinafter referred to as 'the parties') in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out." (ECF Doc. No. 1-1, p. 49-50).

4. The Policy further sets forth that the arbitration is to be seated in New York, with New York law governing as the proper law of the insurance. *Id*.

5. Plaintiff has already invoked the Policy's arbitration provision. On June 8, 2026, just four days after filing this lawsuit, Plaintiff's counsel sent a written demand for arbitration to Defendants' claims adjuster, stating: "The policy calls for disputes to be resolved by arbitration. Please consider this letter as a demand by the insured, JP Oil Holdings, LLC, to arbitrate." *See* Exhibit 1 (June 8, 2026 Letter from Timothy W. Burrow to Joshua Braden). In that same letter, Plaintiff acknowledged the lawsuit was filed "prematurely" and "as a place holder," and expressly recommended that "the carrier and the insured enter into an agreed order to stay the lawsuit, pending the outcome of arbitration." *Id*.

6. The Federal Arbitration Act ("FAA") establishes a strong federal policy favoring arbitration of disputes. 9 U.S.C. §§ 1-16. Under the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA provides that where a court is satisfied that an issue is "referable to arbitration under an agreement in writing for such

arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The statute's use of the word "shall" is mandatory and "creates an obligation impervious to judicial discretion." *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024).

7. The Supreme Court unanimously resolved this question in *Smith v. Spizzirri*, 601 U.S. 472 (2024), holding that when a federal court finds a dispute is subject to arbitration and a party has requested a stay, Section 3 of the FAA compels the court to issue a stay, and the court lacks discretion to dismiss the suit on the basis that all claims are subject to arbitration. *Id.* at 478-79.

8. Applying the Sixth Circuit's four-factor framework for determining when to stay a case pending arbitration, all four factors favor a stay here. First, the parties expressly agreed to arbitrate "all matters in difference" relating to the insurance Policy. Second, Plaintiff's claims for declaratory judgment and breach of contract fall squarely within the scope of that broad arbitration agreement. Third, no federal statutory claims are at issue. Fourth, all of Plaintiff's claims are subject to arbitration, leaving no claims for the Court to adjudicate. *See Riley v. NTAN, LLC*, 629 F. Supp. 3d 805, 810 (M.D. Tenn. 2022). Accordingly, a stay pending arbitration is warranted. A Memorandum in Support of Defendants' Motion to Stay Litigation Pending Arbitration is submitted contemporaneously herewith and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court stay this litigation pending the resolution of arbitration proceedings pursuant to the terms of the Policy.

Respectfully submitted,

**EVANS PETREE PC**

/s/ James L. Cresswell, Jr.
James L. Cresswell, Jr. (#26257)
Logan A. Klauss (#34311)
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 525-6781
jcresswell@evanspetree.com
lklauss@evanspetree.com
*Attorneys for Defendants Trisura Specialty Insurance Company, QBE Specialty Insurance Company, Summit Specialty Insurance Company, Palms Insurance Company Limited, Lancashire Insurance Company (UK) Limited, Gotham Insurance Company, and Indian Harbor Insurance Company*

## CERTIFICATE OF CONSULTATION

On July 22, 2026, the parties discussed this matter, and Plaintiff stated that he does not oppose the Court staying this matter pending arbitration.

/s/ James L. Cresswell, Jr.
Certifying Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, a true and exact copy of the above **MOTION TO STAY LITIGATION PENDING ARBITRATION** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all registered participants indicated on the electronic filing receipt.

Timothy W. Burrow, Esq.
Burrow & Cravens, P.C.
3016 Hedrick Street, Suite 200
Nashville, Tennessee 37203
Phone: (615) 252-2502
Email: tburrow@burrowcravenslaw.com
*Attorney for Plaintiff*

/s/ James L. Cresswell, Jr.
Certifying Attorney